### SCHOELLKOPF v. UNITED STATES.

(Circuit Court, S. D. New York. April 29, 1901.)

No. 2,912.

1. CUSTOMS DUTIES—CLASSIFICATION—SOLUBLE CREOSOTE—COAL-TAR PREPARATIONS.

Soluble creosote, an article prepared from coal-tar dead oil, is less specifically provided for as a "chemical compound" than under a provision for "products or preparations of coal tar," and is properly classified for duty under the latter head, in paragraph 443, Free List, § 2, c. 349, Tariff Act Aug. 27, 1894, 28 Stat. 539, or paragraph 15, Schedule A, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 152 (U. S. Comp. St. 1901, p. 1627).

Appeal by the importers from a decision of the Board of General Appraisers which affirmed the decision of the collector of customs at the port of New York in the assessment of duty upon the importations in question.

Comstock & Brown, for importers.

D. F. Lloyd, Asst. U. S. Atty.

TOWNSEND, District Judge. This appeal covers several importations of a substance known as "soluble creosote," produced by various additional processes and ingredients from coal-tar dead oil, which by such additions it has ceased to be. Some was imported under the tariff act of 1894, and thereunder assessed at 25 per cent. ad valorem (paragraph 60), as a chemical compound. Other was imported under the present tariff act, and thereunder assessed at 20 per cent. under the provisions of paragraph 15, Schedule A, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 152 (U. S. Comp. St. 1901, p. 1627), for "products or preparations of coal tar, not colors or dyes, and not medicinal, not specially provided for." The decision of the Board of Appraisers speaks only of the latter importations, and, as to those, affirms the assessment of duty by the collector, which the importer now concedes to be correct, in accordance with the recently decided case of United States v. Lehn, 124 Fed. 87, on lysol. But a provision similarly worded in the act of 1894 as to coal-tar preparations having been in the free list (paragraph 443, Free List, § 2, c. 349, Tariff

Act Aug. 27, 1894, 28 Stat. 539), it follows that, if the assessment at 20 per cent. under this classification is correct in the new law, the goods should have been passed free under paragraph 443 of the act of 1894. To that extent, therefore, the decision of the board is reversed, and as to the importations under the act of 1897 is affirmed.